Report: CZR0026

**21ST JUDICIAL CIRCUIT**
**ST LOUIS COUNTY**
**CIRCUIT COURT DOCKET SHEET**

Date:     15-May-2013
Time:     2:34:11PM
Page:     1

---

**13SL-CC01203      ST LOUIS HEART CENTER INC VGILEAD PAL      Security Level: 1 Public**
**ALTO INC ETA**

| | | | |
|---|---|---|---|
| **Case Type:** | CC Injunction | **Case Filing Date:** | 05-Apr-2013 |
| **Status:** | Pet Filed in Circuit Ct | | |
| **Disposition:** | | **Disposition Date:** | |

**Release/Status  Reason**
**Change Date**

Judge                          MICHAEL D BURTON (35190)
Plaintiff                        **ST LOUIS HEART CENTER INC (@583072)**
  Attorney for Plaintiff            MAX GEORGE MARGULIS(24325)
Defendant                     **GILEAD PALO ALTO INC (GILEADPAL)**
                                   **THE PEER GROUP INC (PEERGRP)**
                                   **JOHN DOES 1-10 (@584423)**

---

**Filing Date**      **Description**

05-Apr-2013      **Judge Assigned**
                       DIV 16

                       **Pet Filed in Circuit Ct**

                       **Confid Filing Info Sheet Filed**

                       **Motion Filed**
                       MOTION FOR CLASS CERTIFICATION

                       **Motion Special Process Server**
                       TYLER DIMARIA APPROVED ON APRIL 10, 2013

                       **Motion Special Process Server**
                       MATT MAHON OR BIRUTE MELINIS APPROVED APRIL 19 2013

10-Apr-2013      **Summ Issd- Circ Pers Serv O/S**
                       Document ID: 13-SMOS-432, for GILEAD PALO ALTO INC.
                       MAILED TO ATTORNEY

19-Apr-2013      **Summ Issd- Circ Pers Serv O/S**
                       Document ID: 13-SMOS-477, for THE PEER GROUP INC.
                       MAILED TO ATTORNEY

09-May-2013      **Certificate of Service**

EXHIBIT A

STATE OF MISSOURI            )
                             )
COUNTY OF ST. LOUIS          )

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

ST. LOUIS HEART CENTER, INC., individually
and on behalf of all others similarly-situated,

      Plaintiff,

v.

GILEAD PALO ALTO, INC.,
      Serve:   Corporation Service Company
             which will do business in California as
                CSC- Lawyers Incorporated
                2710 Gateway Oaks Dr. Ste 150N
                Sacramento, CA 95833
                Sacramento County

THE PEER GROUP, INC.,
      Serve:  Person In Charge
              830 Bear Tavern Rd
              West Trenton, NJ 08628
              Mercer County

and

JOHN DOES 1-10,

      Defendants.

Cause No.13SL-CC01203

Division 16

**CERTIFICATE OF SERVICE OF PLAINTIFF'S FIRST SET OF INTERROGATORIES,
REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR ADMISSIONS
DIRECTED TO DEFENDANT, GILEAD PALO ALTO, INC.,**

      The undersigned certifies that Plaintiffs' First Set of Interrogatories to Defendant, Gilead

Palo Alto, Inc, Plaintiffs' First Request for Production of Documents Directed to Defendant,

Gilead Palo Alto, Inc and Plaintiffs' First Request for Admissions Directed to Defendant, Gilead

Palo Alto were served on Defendant, Gilead Palo Alto with service of the petition at 2710

Gateway Oaks Dr Ste 150N Sacramento, CA 95833 and with a word version on a disc on this

22nd day of April, 2013.

_Max G. Margulis_

Max G. Margulis, #24325
**MARGULIS LAW GROUP**
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P:  (636) 536-7022
F:  (636) 536-6652
E-Mail:  MaxMargulis@MargulisLaw.com



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL D BURTON | Case Number: 13SL-CC01203 |
|---|---|
| Plaintiff/Petitioner:<br><br>ST LOUIS HEART CENTER INC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO  63017 |
| Defendant/Respondent:<br>GILEAD PALO ALTO INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **THE PEER GROUP INC**
Alias:

**830 BEAR TAVERN RD**
**WEST TRENTON, NJ  08628**

*COURT SEAL OF*

    You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

19-APR-2013
Date
Further Information:
TLC

_____
Clerk

*ST. LOUIS COUNTY*

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
             ☐ the judge of the court of which affiant is an officer.
*(Seal)*       ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
             ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

**Service Fees, if applicable**
Summons    $_____
Non Est      $_____
Mileage     $_____ ( _____ miles @ $ _____ per mile)
**Total**        $_____

**See the following page for directions to clerk and to officer making return on service of summons.**

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**In the**

# CIRCUIT COURT

**Of St. Louis County, Missouri**

St. Louis Heart Center Inc.
_____
Plaintiff/Petitioner

Date _____

vs. Gilead Palo Alto Inc.,
The Peer Group, and John
Does 1-10
Defendant/Respondent

Case Number _____

Division _____

**16**

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Max G. Margulis for Plaintiff , pursuant
                    Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Matt Mahon    378 Taylors Mill Rd Englishtown NJ 07726
Name of Process Server        Address                                    Telephone

Birute Melins                              800-698-9112
Name of Process Server        Address or in the Alternative        Telephone

A-1 Messenger & Subpoena Service Inc
Name of Process Server        Address or in the Alternative        Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties. This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
The Peer Group, Inc.
Name
830 Bear Tavern Rd
Address
West Trenton NJ 08628
City/State/Zip
Mercer County

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:

**JOAN M. GILMER**, Circuit Clerk

By _____
     Deputy Clerk

April 19 2013
Date

_____
Max G. Margulis                    24325

Attorney/Plaintiff/Petitioner
28 Old Belle Monte Rd.   Chesterfield, MO 63017

Bar No. (636) 536-7022              (636) 536- 6652

Address    MaxMargulis@Marguislaw.com

Phone No.                              Fax No.

CCADM62    Rev. 03/06    WHITE - Fil



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL D BURTON | Case Number: 13SL-CC01203 |
|---|---|
| Plaintiff/Petitioner:<br>ST LOUIS HEART CENTER INC<br><div style="text-align:center">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO 63017 |
| Defendant/Respondent:<br>GILEAD PALO ALTO INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Injunction | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  GILEAD PALO ALTO INC
                    Alias:

CORPORATION SERVICE COMPANY
WHICH WILL DO BUSINESS IN
CALIFORNIA AS CSC-LAWYERS
INCORPORATED

2710 GATEWAY OAKS DR
STE 150N
SACRAMENTO, CA 95833

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

<u>10-APR-2013</u>
Date
Further Information:
JMC

*ST. LOUIS COUNTY*

Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.
                    ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                       (use for out-of-state officer)
                    ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____ miles @ $_____ per mile) |
| Total | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

In the
# CIRCUIT COURT
Of St. Louis County, Missouri

For File Stamp Only

St. Louis Heart Center, Inc.
Plaintiff/Petitioner

Date

vs.

Gilead Palo Alto, The Peer Group
Defendant/Respondent + John Does 1-10

Case Number

Division

# 16

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __Max G. Margulis Attorney for Plaintiff__, pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Tyler DiMaria        2410 Fair Oaks Blvd Ste 125   916-974-7421
Name of Process Server          Sacramento  CA  95825
Address                     Telephone

Name of Process Server              Address or in the Alternative              Telephone

Name of Process Server              Address or in the Alternative              Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties. This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                              SERVE:

Corporation Service Company
Name                               Name

2710 Gateway Oaks Dr Ste 150N
Address                            Address

Sacramento CA 95833
City/State/Zip                     City/State/Zip

SERVE:                              SERVE:

Name                               Name

Address                            Address

City/State/Zip                     City/State/Zip

Appointed as requested:            Max G. Margulis                    24325
**JOAN M. GILMER**, Circuit Clerk
                                   Attorney for Plaintiff/Petitioner
                                   28 Old Belle Monte Rd.  Chesterfield, MO 63017
By _____       Bar No. (636) 536-7022              (636) 536-6652
Deputy Clerk
                                   Address      MaxMargulis@Marguluslaw.com
Date  April 10 2013
                                   Phone No.                      Fax No.

CCADM62   Rev. 03/06   WHITE - File


## THOMPSON COBURN LLP

One US Bank Plaza
St. Louis, Missouri 63101
P 314.552.6000
F 314.552.7000
www.thompsoncoburn.com

# Facsimile

FOR IMMEDIATE DELIVERY

**FILED**

MAY 15 2013

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

| | |
|---|---|
| **To:** | Certified Copies (URGENT Request) |
| **Firm Name:** | St. Louis County Circuit Court |
| **Phone:** | 314-615-8015 |
| **Fax:** | 314-615-8739 |
| **From:** | Melissa S. Mahalik, Legal Secretary |
| | P (314) 552-6000 Ext. 1235 |
| | F (314) 552-7000 |
| **Date:** | 5/14/2013 |
| **Message:** | Dear Clerk: |

I am in need of a copy of the ENTIRE file for the following case: St. Louis Heart Center Inc. v. Gilead Palo Alto Inc.; Case No. 13SL-CC01203.

I am in need of the copies on an URGENT BASIS, as I am removing this case to Federal Court this week.

If someone could please call me when you have the cost for copies, I will arrange for a courier to pick them up, with payment.

Thank you kindly.

Total Number of Pages, including this page: 1

If you do not receive all of the pages, please call (314) 552-6000 Ext. 1235 as soon as possible.

**Confidentiality Note**
The information contained in this facsimile transmission is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this transmission is strictly prohibited. If you have received this transmission in error, please immediately notify us by collect telephone call and return the original transmission to us at the above address by U.S. mail.

STATE OF MISSOURI )
)
ST. LOUIS COUNTY )



## IN THE CIRCUIT COURT OF THE ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| ST. LOUIS HEART CENTER, INC., individually and on behalf of all others similarly-situated, | Cause No. _____ |
| Plaintiff, | Division |
| v. | |
| GILEAD PALO ALTO, INC., | **16** |
| THE PEER GROUP, INC., | |
| and | |
| JOHN DOES 1-10, | |
| Defendants. | |

## <u>MOTION FOR CLASS CERTIFICATION</u> [1]

COMES NOW Plaintiff, individually and on behalf of all others similarly situated, by and through its undersigned counsel, and for its Motion for Class Certification, states

---

1.      Recent developments in class action practice make necessary the filing of this motion with the petition. Defendants in class litigation have resorted to making individual settlement offers to named plaintiffs before a class action is certified in an attempt to "pick-off" the putative class representative and thereby derail the class action litigation. Most courts have rejected these pick-off attempts and have held that the filing of a motion for class certification with the initial petition or within a number of days after service of any settlement offer to a named plaintiff staves off offers of judgment to the named plaintiff. Any settlement offer made after the filing of the motion for class certification must be made on a class-wide basis. *See Alpern v. UtiliCorp United*, 84 F.3d 1525 (8th Cir. 1996); *Weiss v. Regal Collections*, 385 F. 3d 337, 344 n. 12 (3d Cir. 2004); *see Jancik v. Cavalry Portfolio Servs.*, 2007 WL 1994026, at *2–3 (D. Minn. July 3, 2007) *Harris v. Messerli & Kramer, P.A.*, 2008 WL 508923, at *2–3 (D. Minn. Jan. 2, 2008) (same); *Johnson v. U.S. Bank Nat'l Assn.*, 276 F.R.D. 330, 333-335 (D. Minn. 2011) (same). *See also Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011); *Mey v. Monitronics Int'l, Inc.*, 2012 WL 983766, at * 4-5 (N.D. W.Va. Mar. 22, 2012); *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F.Supp.2d 1020, 1029 (N.D. Ohio 2010); *McDowall v. Cogan*, 216 F.R.D. 46, 48-50 (E.D. N.Y. 2003).

2.

1.     This cause should be certified as a class because all of the necessary elements of Rule 52.08 are met.

2.     Plaintiff requests that the Court certify a class, so the common claims of the Class members, based on a uniform legal theory and factual allegations applicable to all Class members, can be resolved on a class-wide basis.

3.     Plaintiff proposes the following Class definition:

> All persons who on or after four years prior to the filing of this action, were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants.

4.     Under Rule 52.08(a)(1), to bring a Class action, the Class must be "so numerous that joinder of all members is impracticable." Rule 52.08(a)(1). Here, there are at least hundreds of persons who fall within the Class definition. Thus, the numerosity requirement of Rule 52.08(a)(1) is satisfied.

5.     There are questions of law or fact common to the Class members.

6.     The claims or defenses of the representative parties are typical of the claims or defenses of this Class.

7.     Plaintiff and its counsel will fairly and adequately protect the interest of the Class.

8.     Common issues of law or fact predominate over any individual issues, and a class action is the superior method for the fair and efficient adjudication of this controversy.

9.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the party opposing the class.

10.     The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the

adjudications or substantially impair or impede their ability to protect their interests.

11.   Plaintiff requests additional time to file its supporting Memorandum of Law after the Court sets up an appropriate discovery schedule.   Written discovery related to class certification issues is presently outstanding.

WHEREFORE, Plaintiff prays that this Court certify this case as a class action, grant statutory injunctive relief prohibiting Defendants from sending advertising materials via fax to members of the class, and further pray that the Court appoint Plaintiff as Class Representative, appoint Plaintiff's attorneys Class Counsel; that this Court allow Plaintiff additional time, for completion of discovery related to class certification issues, to file its Memorandum of Law in Support of this Motion; and for such other and further relief as the Court deems appropriate under the circumstances.


Respectfully submitted,

*Max G. Margulis*

Max G. Margulis, #24325
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P:  (636) 536-7022
F:  (636) 536-6652
E-Mail:  MaxMargulis@MargulisLaw.com


Of Counsel
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Phone:  (847) 368-1500
Fax:  (847) 368-1501
E-Mail: bwanca@andersonwanca.com

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the Defendants GILEAD PALO ALTO, INC. and THE PEER GROUP, INC. by the process server at the same time as the petition.

_Max G. Margulis_



STATE OF MISSOURI )
)
ST. LOUIS COUNTY )

## IN THE CIRCUIT COURT OF THE ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| ST. LOUIS HEART CENTER, INC., individually and on behalf of all others similarly-situated, | Cause No. **16** |
| Plaintiff, | Division |
| v. | |
| GILEAD PALO ALTO, INC.,<br>Serve:  Corporation Service Company which<br>will do business in California as CSC-<br>Lawyers Incorporated<br>2710 Gateway Oaks Dr. Ste 150N<br>Sacramento, CA 95833<br>Sacramento County | PROCESS SERVER |
| THE PEER GROUP, INC.,<br>Serve:  Person In Charge<br>830 Bear Tavern Rd<br>West Trenton, NJ 08628<br>Mercer County | PROCESS SERVER |
| and | |
| JOHN DOES 1-10, | |
| Defendants. | |

## CLASS ACTION PETITION

Plaintiff, ST. LOUIS HEART CENTER, INC. ("Plaintiff"), brings this action on behalf of

itself and all others similarly situated, through its attorneys, and except as to those allegations

pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge,

alleges the following upon information and belief against Defendants, GILEAD PALO ALTO, INC., THE PEER GROUP, INC., and JOHN DOES 1-10 ("Defendants"):

## PRELIMINARY STATEMENT

1.     This case challenges Defendants' practice of sending unsolicited facsimile advertisements.

2.     The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from sending or having an agent send fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.     Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message. A junk fax consumes a portion of the limited capacity of the telecommunications infrastructure serving the victims of junk faxing.

4.     On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion and Missouri consumer and fraud and deceptive business practices act Chapter 407.

5.     Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND PARTIES

6.     This court has personal jurisdiction over Defendants because Defendants transacts business within this state, have made contracts within this state, and/or have committed tortious acts within this state and otherwise have sufficient minimum contacts with the State of Missouri.

7.     Plaintiff ST. LOUIS HEART CENTER, INC., is a corporation with its principal place of business in St. Louis County, Missouri.

8.     On information and belief, Defendant, GILEAD PALO ALTO, INC., is a corporation with its principal place of business in California.

9.     On information and belief, Defendant, THE PEER GROUP, INC., is a corporation with its principal place of business in New Jersey.

10.    Defendant, John Does 1-10 will be identified through discovery, but are not presently known.

### RELEVANT FACTS

11.    On December 9, 2010 Defendants sent 1 unsolicited facsimile to Plaintiff in St. Louis County, Missouri.  A true and correct copy of the facsimile is attached as Exhibit 1.

12.    Defendants approved, authorized and participated in the scheme to broadcast faxes by  (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the faxes; (c) creating and approving the form of fax to be sent; and (d) determining the number and frequency of the facsimile transmissions.

13.    Defendants created or made Exhibit 1, which Defendants distributed to Plaintiff and the other members of the class.

14.     Exhibit 1 is a part of Defendants' work or operations to market Defendants' goods or services which was performed by Defendants and on behalf of Defendants.

15.     Exhibit 1 constitutes material furnished in connection with Defendants' work or operations.

16.     Exhibit 1 hereto is material advertising the commercial availability of any property, goods, or services.

17.     The transmissions of Exhibit 1 to Plaintiff did not contain a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements.

18.     The transmissions of Exhibit 1 to Plaintiff did not contain a notice that states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph 47 C.F.R. 64.1200(a)(3)(v) of this section is unlawful.

19.     The transmissions of Exhibit 1 to Plaintiff did not contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. 64.1200(a)(3).

20.     The transmissions of Exhibit 1 to Plaintiff was required to contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. 64.1200(a)(3).

21.     Plaintiff had not invited or given permission to Defendants to send fax advertisements.

22.     Plaintiff did not have an established business relationship with Defendants.

23.     On information and belief, Defendants sent multiple unsolicited facsimiles to Plaintiff and members of the proposed classes throughout the time period covered by the class definitions.

24.     On information and belief, Defendants faxed the same and similar facsimiles to the members of the proposed classes in Missouri and throughout the United States without first obtaining the recipients' prior express permission or invitation.

25.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unlawful faxes.    Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

26.     Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibit 1 hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation and not displaying the proper opt out notice required by 64 C.F.R. 1200.

27.     Defendants knew or should have known that:  (a) Exhibit 1 was an advertisement; (b) Plaintiff and the other members of the class had not given their prior permission or invitation to receive Exhibit 1; (c) No established business relationship existed with Plaintiff and the other members of the class; and (d) Defendants did not display a proper opt out notice.

28.     Defendants engaged in the transmissions of Exhibit 1 believing such transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

29.     Defendants did not intend to send transmissions of Exhibit 1 to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of Exhibit 1 was sent to any person and such transmission was not authorized by law

or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

30.   Defendants failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of Exhibit 1 both to others in general, and specifically to Plaintiff.

31.   The transmissions of Exhibit 1 to Plaintiff caused destruction of Plaintiff's property.

32.   The transmissions of Exhibit 1 to Plaintiff interfered with Plaintiff's exclusive use of Plaintiff's property.

33.   The transmissions of Exhibit 1 to Plaintiff interfered with Plaintiff's business and/or personal communications.

<u>COUNT I</u>
**<u>TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227</u>**

34.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

35.   Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants does not have an established business relationship and (5) which did not display a proper opt out notice.

36.   A class action is warranted because:

> a.   On information and belief, the class includes more than forty persons and is so numerous that joinder of all members is impracticable.

b.      There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

i.      Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

ii.     Whether Exhibit 1 contains material advertising the commercial availability of any property, goods or services;

iii.    Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

iv.     The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit 1 and other unsolicited faxed advertisements;

v.      Whether Defendants faxed advertisements without first obtaining the recipients' prior express permission or invitation;

vi.     Whether Defendants violated the provisions of 47 USC § 227;

vii.    Whether Plaintiff and the other class members are entitled to statutory damages;

viii.   Whether Defendants knowingly violated the provisions of 47 USC § 227;

ix.     Whether Defendants should be enjoined from faxing advertisements in the future;

x.      Whether the Court should award trebled damages; and

xi.     Whether Exhibit 1 displayed the proper opt out notice required by 64 C.F.R. 1200.

37.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

38.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

39.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

40.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

41.     The TCPA provides:

Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)     Both such actions.

8

42.   The Court, in its discretion, may treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

43.   The TCPA is a strict liability statute and the Defendants are liable to Plaintiff and the other class members even if their actions were only negligent.

44.   Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' actions interfered with Plaintiff's use of its fax machine and telephone line connected to that fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' unlawful faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

45.   Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to interfere with recipients' fax machines or consume the recipients' valuable time with Defendants' advertisements.

46.   If the court finds that Defendants knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. § 227(b)(3).

47.   Defendants knew or should have known that: (A) Plaintiff and the other class members had not given express permission or invitation for Defendants or anyone else to fax advertisements about Defendants' goods or services, (B) Defendants did not have an established

business relationship with Plaintiff and the other members of the class, (C) Exhibit 1 was an advertisement, and (D) Exhibit 1 did not display the proper opt out notice.

48.     Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibit 1 hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation and not displaying the proper opt out notice required by 64 C.F.R. 1200.

Defendants knew or should have known that:  (a) Exhibit 1 was an advertisement; (b) Defendants did not obtain prior permission or invitation to send Exhibit 1; (c) Defendants did not have an established business relationship with Plaintiff or the other members of the class and (d) Defendants did not display a proper opt out notice.

Defendants engaged in the transmission of Exhibit 1 believing such a transmission was legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

Defendants did not intend to send transmission of Exhibit 1 to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmission of Exhibit 1 was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

Defendants failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of Exhibit 1 both to others in general, and specifically to Plaintiff.

49.     Defendants' actions caused damages to Plaintiff and the other class members, because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and

toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' unauthorized purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing and reviewing Defendants' unauthorized faxes and that time otherwise would have been spent on Plaintiff's business activities. Finally, the injury and property damage sustained by Plaintiff and the other members of the class occurred outside of Defendants' premises. Pursuant to law, Plaintiff, and each class member, instead may recover $500 for each violation of the TCPA.

WHEREFORE, Plaintiff, ST. LOUIS HEART CENTER, INC., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, GILEAD PALO ALTO, INC., LLC, THE PEER GROUP, INC., and JOHN DOES 1-10, as follows:

A.   That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.   That the Court award between $500.00 and $1,500.00 in damages for each violation of the TCPA;

C.   That the Court enter an injunction prohibiting the Defendants from engaging in the statutory violations at issue in this action; and

D.   That the Court award costs and such further relief as the Court may deem just and proper.

E.   That the Court award pre-judgment and post-judgment interest at the statutory rate of 9%.

## COUNT II
## CONVERSION

50.    Plaintiff incorporates Paragraphs 3 and 4, 11 – 15, 21 – 25 and 28 – 33 as for its

paragraph 50.

51.    In accordance with Mo. S. Ct. Rule 52.08, Plaintiff brings Count II for conversion

under the common law for the following class of persons:

> All persons who on or after five years prior to the filing of this action, were
> sent telephone facsimile messages by or on behalf of Defendants with respect
> to whom Defendants cannot provide evidence of prior express permission or
> invitation.

52.    A class action is proper in that:

a.    On information and belief the class is so numerous that joinder of all

members is impracticable.

b.    There are questions of fact or law common to the class predominating over

all questions affecting only individual class members, including:

i.    Whether Defendants engaged in a pattern of sending unsolicited

faxes;

ii.    Whether Defendants sent faxes without obtaining the recipients'

prior express permission or invitation of the faxes;

iii.    The manner and method Defendants used to compile or obtain the

list of fax numbers to which it sent Exhibit 1 and other unsolicited faxes;

iv.    Whether Defendants committed the tort of conversion; and

v.    Whether Plaintiff and the other class members are entitled to recover

actual damages and other appropriate relief.

12

53.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

54.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

55.     By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

56.     Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machine, paper, toner, and employee time.

57.     By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use.   Such misappropriation was wrongful and without authorization.

58.     Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

59.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose.  Plaintiff and each class member thereby suffered damages as a result of the sending of unsolicited fax advertisements from Defendants.

60.     Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' unlawful faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

61.     Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machines for Defendants' unlawful purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unlawful faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, ST. LOUIS HEART CENTER, INC., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, GILEAD PALO ALTO, INC., THE PEER GROUP, INC., and JOHN DOES 1-10, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award appropriate damages;

C.     That the Court award costs of suit; and

D.     Awarding such further relief as the Court may deem just and proper.

## COUNT III
## MISSOURI CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### Chapter 407

62.     Plaintiff incorporates Paragraphs 3 and 4, 11 – 15, 21 – 25 and 28 – 33 as for its

paragraph 62.

63.     In accordance with Chapter 407, Plaintiff, on behalf of the following class of

persons, bring Count III for Defendants' unfair practice of sending unsolicited and unlawful fax

advertisements:

> All persons who on or after four years prior to the filing of this action, were
> sent telephone facsimile messages by or on behalf of Defendants with respect
> to whom Defendants cannot provide evidence of prior express permission or
> invitation.

64.     A class action is proper in that:

a.      On information and belief the class consists of over 40 persons in Missouri

and throughout the United States and is so numerous that joinder of all members is

impracticable.

b.      There are questions of fact or law common to the class predominating over

all questions affecting only individual class members including:

i.      Whether Defendants engaged in a pattern of sending unsolicited

faxes;

ii.     The manner and method Defendants used to compile or obtain the

list of fax numbers to which it sent Exhibit 1 and other unsolicited faxes;

iii.    Whether Defendants' practice of sending unsolicited faxes violates

Missouri public policy;

15

iv.    Whether Defendants' practice of sending unsolicited faxes is an

unfair practice under the Missouri Merchandising Practices Act (MMPA),

Chapter 407 RSMO; and

v.    Whether Defendants should be enjoined from sending unsolicited

fax advertising in the future.

65.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

66.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

67.    Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return.  Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

68.    Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

69.    Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

16

70.     Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner consumed as a result.  Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machine for Defendants' unlawful purpose.   Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unlawful faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, ST. LOUIS HEART CENTER, INC., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, GILEAD PALO ALTO, INC., THE PEER GROUP, INC., and JOHN DOES 1-10, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award damages to Plaintiff and the other class members;

C.     That the Court award treble damages to Plaintiff and the other class members for knowing violations of the TCPA;

D.     That the Court declare that Defendants' conduct violated the TCPA and that this action is just and proper;

E.     That the Court award damages for conversion of the plaintiffs and the class for violation of their rights;

F.     That the Court award damages and attorney fees for violation of Chapter 407;

G.     That the Court award attorney fees and costs;

17

H.   That the Court award all expenses incurred in preparing and prosecuting these claims;

I.   That the Court enter an injunction prohibiting Defendants from sending faxed advertisements; and

J.   Awarding such further relief as the Court may deem just and proper.

Respectfully submitted,

*Max G. Margulis*

Max G. Margulis, #24325
**MARGULIS LAW GROUP**
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022
F: (636) 536-6652
E-Mail: MaxMargulis@MargulisLaw.com
*Attorneys for Plaintiff*

<u>Of Counsel</u>
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Phone: (847) 368-1500
Fax: (847) 368-1501
E-Mail: bwanca@andersonwanca.com

✗ 12/9/2010 12:56          Informed Medical          Medical Marketing→Ronald Weiss          1/1

St.L Heart Center                                                                    749

## Efficacy and Safety of Ranexa® (ranolazine extended-release tablets)



December 7, 2010

THE **Peer** ®
GROUP

Dr. Ronald Weiss
1031 Bellevue Avenue
Suite 206
Saint Louis, MO 63117

Dear Dr. Weiss:

You are cordially invited to join several of your physician colleagues for a 60-minute Power Lunch interactive medical discussion via webconference entitled, **Efficacy and Safety of Ranexa® (ranolazine extended-release tablets).**

This promotional program will be led by **Dr. Barry Greenberg MD, Professor of Medicine, Director, Advanced Heart Failure Treatment Program of University of California, San Diego,** who will present information on Ranexa on behalf of Gilead Sciences.  A Peer Group professional moderator will facilitate discussion with **Dr. Barry Greenberg.**

This program is being provided by **Gilead Sciences** and will review clinical data of Ranexa® (ranolazine extended-release tablets). Program participants will be asked to complete a survey.  The information shared may be used by **Gilead Sciences** to address educational needs in the future

In the right-hand column, please find the scheduled program time that is being offered in your area. Please RSVP via phone or fax.  A confirmation letter will be mailed to you approximately 10 days prior to the program.

Thank you in advance for your time and consideration.  We look forward to your participation in this interesting program.

Sincerely,

*Kathleen Bresette*

Kathleen Bresette
President
The Peer Group





### RSVP Information

Phone:  1-888-PEER-321
Fax:     1-800-929-8290

Please validate your phone number:

Date:   December 8, 2010
Time:   ☐ 01:30 PM ET

Date:  December 9, 2010
Time: ☐ 12:15 PM ET ☐ 05:15 PM ET

Date:  December 14, 2010
Time: ☐ 12:30 PM ET

Web Address:

☐ Please check if you would like to attend our Interactive Medical Discussion.  You may update any changes in your address below.  Please provide your current office phone number so we may place a reminder call to you prior to the meeting.

Phone:

Fax:

Address:

City, State and Zip:

Specialty:

Email:

If you no longer wish to receive fax messages from The Peer Group for Ranexa please call 1.888.PEER.321 or fax us at 1.800.929.8290.

If you no longer wish to receive fax messages from The Peer Group, please call 1.888.PEER.321 or fax us at 1.800.929.8290.

Ranexa is a registered trademark of Gilead Palo Alto, Inc.
© 2010 Gilead Palo Alto, Inc. All rights reserved. RAN4028 03/10



# EXHIBIT 1

I certify and attest that the above is a true copy of the original record of the Court in case
number ___13SL-CC01203___ as it appears on file in my office.



Issued

___5|15|2013___

**JOAN M. GILMER**, Circuit Clerk
St. Louis County Circuit Court

By

*Cassidy Dobgon*
Deputy Clerk

CCOPR36   Rev. 06/00