UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ST. LOUIS HEART CENTER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13-CV-958-JAR |
| | ) | |
| GILEAD PALO ALTO, INC., *et al.* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
JOINT MOTION TO STAY**

**I.      INTRODUCTION**

In light of the dispute over the validity of an administrative regulation, recently deemed "questionable" by the Eighth Circuit Court of Appeals, and its application to the central issue of this case, Defendants Gilead Palo Alto, Inc. ("Gilead") and The Peer Group, Inc. ("The Peer Group," or collectively "Defendants") respectfully request that the Court stay this case pending resolution of Gilead's Petition for Declaratory Ruling and/or Waiver, filed August 9, 2013, with the Federal Communications Commission ("FCC") (the "Petition," attached as Exhibit A).

The Petition seeks to resolve the threshold legal issue in this case -- the applicability of FCC regulation, 47 C.F.R. § 64.1200(a)(3)(iv),[1] which purports to govern solicited faxes and requires those faxes to contain an opt-out notice.  Plaintiff St. Louis Heart Center, Inc.'s ("Plaintiff") sole claim, hinges on this regulation, and alleges that Defendants violated the

---

[1] 47 C.F.R. § 64.1200(a)(3)(iv) provides that "[a] facsimile advertisement that is sent to a recipient that has provided prior express invitation or permission to the sender must include an opt-out notice," 47 C.F.R. § 64.1200(a)(3)(iv), as required for "unsolicited [facsimile] advertisement[s]" under 47 U.S.C. § 227(b)(1)(C)(iii).

Telephone Consumer Protection Act (the "TCPA" or "Act"), 47 U.S.C. § 227, by sending a solicited fax that failed to include the exact opt-out notice required.  Section 64.1200(a)(3)(iv).

As set forth in *Nack v. Walburg*, the Eighth Circuit Court of Appeals recognized that the Administrative Orders Review Act ("Hobbs Act") precluded it from hearing challenges to this very regulation.  *Nack v. Walburg*, 715 F.3d 680, 682 (8th Cir. 2013).  Thus, to settle the regulation's "questionable" validity, Eighth Circuit precedent requires both Gilead to challenge the FCC directly by filing the Petition and this Court to properly issue a stay pending the outcome of the Petition process.  *Id*. at 685.  This is precisely the approach Gilead has initiated with the Petition.

Following *Nack*, district courts may not "determine the validity of FCC orders," but "may entertain any requests to stay proceedings" during pursuit of an FCC determination.  *Id*. at 685 and 687.  Consistently, this Court has already issued a stay on identical grounds in the related case of *St. Louis Heart Center, Inc. v. Forest Pharmaceuticals, Inc.*, 2013 WL 3988671, Case No. 4:12-CV-2224-JCH [Doc # 72] (E.D. Mo. July 17, 2013).  As dictated by *Nack* and in the interests of reaching consistent results among similar cases, Defendants respectfully request that the Court stay this case until the FCC issues a final ruling on Gilead's Petition, or on any appeals filed in connection with such a ruling, and order this matter administratively closed.

II.     FACTUAL BACKGROUND

   A.     The Parties Dispute Whether The Opt-Out Notice Complies With The
          TCPA.

In its only cause of action, Plaintiff alleges that Defendants violated the TCPA by transmitting to Plaintiff "1 facsimile" without "displaying an opt-out notice compliant with 47 C.F.R. 64.1200."  First Amended Complaint [Doc #20] at ¶¶ 11 and 39.  While the "1 facsimile"

attached to the First Amended Complaint does contain an opt-out notice, Plaintiff has taken the position that the notice is insufficient. *Id.* at ¶¶ 17-20 and Exhibit 1.[2]

As a result, Plaintiff, a serial TCPA litigant,[3] claims that it is entitled to recover on behalf of a putative class, an award between $500 and $1,500 per fax, for this allegedly insufficient opt-out notice. First Amended Complaint at ¶¶ 33, 37, 40 and Prayer for Relief. Plaintiff asserts this claim even though it is undisputed that the subject fax was sent with Plaintiff's express permission. *Id.*

Defendants' position is that the TCPA governs only the transmission of unsolicited fax advertisements. 47 U.S.C. § 227(b).[4] The TCPA defines "unsolicited advertisements" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person <u>without that person's prior express invitation or permission</u>, in writing or otherwise." 47 U.S.C. § 227(a)(5) (emphasis added). Thus, while the Act imposes on *unsolicited* faxes, "[t]he statute itself does not expressly impose similar limitations or

---

[2] The single-page fax attached to the First Amended Complaint instructs its recipient, Dr. Ronald Weiss of St. Louis Heart Center, that if he "no longer wish[es] to receive fax messages from The Peer Group," he can call or fax a provided toll-free number. *See* First Amended Complaint at Exhibit 1. This notice provided the recipient with a cost-free means to request exclusion, either from faxes "for Ranexa" or "fax messages from The Peer Group" in general. *Id.* Notably, Plaintiff does not assert that it had wanted, attempted or was unable to opt-out of such faxes.

[3] *See, e.g.*, *St. Louis Heart Ctr., Inc. v. Jackson & Coker Locumtenens, LLC*, Case No. 4:11-cv-01193 (E.D. Mo.) (filed in state court on May 16, 2011, and subsequently removed on July 7, 2011); *St. Louis Heart Ctr., Inc. v. Vein Centers For Excellence, Inc.*, Case No. 4:12-cv-00174 (E.D. Mo.) (filed in state court on December 23, 2011, and subsequently removed on January 31, 2012); *St. Louis Heart Ctr., Inc. v. Cintas Corporate Services, Inc.*, Case No. 4:12-cv-01547 (E.D. Mo.) (filed in state court on July 12, 2012, and subsequently removed on August 28, 2012, and dismissed on June 10, 2013); *St. Louis Heart Ctr., Inc. v. Harris Medical Associates, LLC*, Case No. 4:12-cv-01555 (E.D. Mo.) (filed in state court on July 12, 2012, and subsequently removed on August 28, 2012); *St. Louis Heart Ctr., Inc. v. Caremark, L.L.C.*, Case No. 4:12-cv-02151 (E.D. Mo.) (filed in state court on October 4, 2012, and subsequently removed on November 16, 2012); *St. Louis Heart Ctr., Inc. v. Forest Pharmaceuticals, Inc.*, Case No. 4:12-CV-02224 (E.D. Mo.) (filed in state court on October 4, 2012, and subsequently removed on November 30, 2012).

[4] *See also Missouri ex rel Nixon v. The Am. Blast Fax, Inc.*, 323 F.3d 649, 655 (8th Cir. 2003) (finding the TCPA advances the specific legislative purpose of "restricting unsolicited fax advertisements in order to prevent the cost shifting and interference such unwanted advertising places on the recipient").

requirements on the sending of solicited or consented-to fax advertisements." *Nack*, 715 F.3d at

683.   In contrast, the TCPA is silent as to *solicited* faxes.  As the Eighth Circuit noted, "[n]either

the [Act] nor the regulation use or define the term 'solicited' fax advertisements." *Nack*, 715

F.3d at 682, n.1.

> **B.     As A Challenge To The FCC's Regulation Can Only Be Brought Pursuant
> To The Hobbs Act, The Eighth Circuit Recommended District Courts
> Entertain A Stay Pending An Administrative Order And Appeal.**

In *Nack v*, the Eighth Circuit Court of Appeals heard this same dispute.  Though the

Eighth Circuit was skeptical that the FCC possessed the authority to prescribe an opt-out

requirement for solicited faxes, it reversed the trial court's decision to grant summary judgment

on the grounds that the TCPA applies only to unsolicited faxes, on the premise that "the Hobbs

Act precludes us from entertaining such challenges *at the present stage*." *Nack*, 715 F.3d at 685

(emphasis added).

Nevertheless, the Eighth Circuit recognized that this outcome placed the defendant in an

untenable position and, therefore, opined that the appropriate course for securing a merits ruling

on this question would be to, first, seek an administrative ruling from the FCC and then, if

necessary, seek judicial review of that ruling on the merits.  *Id.* at 687 (finding that the Hobbs

Act provides the Court of Appeals with "exclusive jurisdiction to determine the validity of FCC

orders" and permits a petitioner to appeal such orders "directly to the Court of Appeals as

provided by the statute." ) (citing 28 U.S.C. § 2342 and *FCC v. ITT World Communications,

Inc.*, 466 U.S. 463, 468 (1984)).  To facilitate the FCC's ruling on the merits in *Nack*, the Eighth

Circuit instructed that the District Court, pending pursuit of an administrative determination,

should "entertain any requests to stay proceedings."  *Id*.

**C.   Consistent With *Nack*, Gilead Has Filed A Petition Challenging The FCC's Opt-Out Notice Requirement For Solicited Faxes.**

In this case, the parties are in the same procedural posture as the *Nack* case, as they dispute whether the TCPA applies to the transmission of the sole solicited fax in question.  *See* First Amended Complaint at ¶¶ 11-20.

Accordingly, on August 9, 2013, Gilead filed its Petition with the FCC.  This Petition follows the path laid out by the Eighth Circuit in *Nack* to obtain administrative review.  The Petition "requests that the Commission issue a declaratory ruling clarifying that a fax," with the characteristics of the one attached to the First Amended Complaint, "complies substantially with Section 64.1200(a)(4)(iii) of the Commission's rules" and  "does not violate any Commission regulation promulgated pursuant to Section 227(b)(2)(D) or any other provision of the Communications Act."  Petition at Executive Summary (ii) (Exhibit A).  The Petition also requests "that the Commission issue a declaratory ruling clarifying that Section 64.1200(a)(4)(iv) was not promulgated pursuant to Section 227(b) of the Communications Act" since "[t]he plain language and scope of Section 227(b) is expressly limited to *unsolicited faxes*."  *Id.*   In the alternative, Gilead asked the FCC "to waive strict compliance with Sections 64.1200(a)(4)(iii) and (iv) with respect to the fax in question."  *Id.* at 11.  If the FCC, or any subsequent reviewing court, grants the requested relief, it will be dispositive as to this case.

**D.   Consistent With *Nack*, This Court Has Granted A Stay Pending Pursuit Of An FCC Determination In An Identical Case.**

Gilead's Petition seeks the same type of relief as another petition that recently justified a stay in a parallel case.  In the *Forest Pharmaceuticals* case, this Court granted a stay based on a similar petition that Forest Pharmaceuticals filed with the FCC and administratively closed that case.  *See St. Louis Heart Center, Inc. v. Forest Pharmaceuticals, Inc.*, 2013 WL 3988671, at *1

(E.D. Mo. July 17, 2013) (ordering a stay "until final rulings are issued by the Federal

Communications Commission on Defendant Forest Laboratories, Inc.'s Petition for Declaratory

Ruling and/or Waiver, and on any appeals filed in connection with the ruling.").[5]

In light of the Eighth Circuit's guidance in *Nack* on how a TCPA defendant should

challenge TCPA regulations, Defendants respectfully request that the Court stay this case

pending resolution of Gilead's Petition before the FCC.

## III.    ARGUMENT

### A.      This Case Easily Satisfies The Standard For A Stay.

A stay pending an administrative determination by the FCC is more than appropriate in

this case.  At the outset, the district court has broad authority to stay the proceedings before it.

*Sierra Club v. U.S. Army Corps of Engineers*¸ 446 F.3d 808, 816 (8th Cir. 2006) (citing *Clinton*

*v. Jones*, 520 U.S. 681, 706 (1997)); *Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir. 1990).  In

exercising this broad authority, a district court may "enter a stay . . . pending resolution of

separate judicial, arbitral or administrative proceedings which bear upon the case."  *Verizon*

*Northwest, Inc. v. Portland General Elec. Co.*, 2004 WL 97615, at *2 (D. Or. 2004).

In determining whether a stay is warranted, courts consider several factors:  (1) potential

prejudice to the non-moving party; (2) hardship and inequity to the moving party if the stay is

---

[5] In addition to the *Forest* case, two other TCPA defendants since *Nack* have also initiated administrative challenges before the FCC regarding the scope of the TCPA and have either received a stay or a determination on the stay motion is pending: Petition of Staples, Inc. and Quill Corporation For Rulemaking and for a Declaratory Ruling, C.G. Docket Nos. 02-278 and 05-338 filed July 19, 2013 (case stayed on August 9, 2013 as to Staples; Quill's motion to stay currently pending).

Similarly, the *Nack* defendant will soon be joining the list of petitioners, as he "is in the process of retaining FCC counsel to file and prosecute an administrative petition in the FCC on the basis that the FCC's opt-out regulation as applied to consensual faxes exceeds the scope of the FCC's statutory power to regulate unsolicited faxes and violates the First Amendment of the United States Constitution."  *Nack v. Walburg*, Case No. 4:10-CV-00478-AGF (E.D. Mo.), Defendant Douglas P. Walburg's Motion to Stay [Doc # 55] at 3 (Aug. 6, 2013).[6]  *See* Defendants' Joint Motion to Dismiss First Amended Complaint and Mem. in Support [Doc # 22 and 23].

not issued; and (3) the judicial resources that would be saved by avoiding duplicative litigation. *Emerson v Lincoln Electric Holdings, Inc.*, 2009 WL 690181, at *1 (W.D. Mo. 2009).  All three factors favor a stay in the instant case.

There is nothing to suggest that  Plaintiff will be prejudiced by a stay in this matter in any way.  This case cannot reach a final conclusion until there is a definitive ruling on the validity of 47 C.F.R. § 64.1200(a)(4)(iv).  To obtain that determination, Gilead has already filed its Petition with the FCC as of August 9, 2013.  *See* Exhibit A.  In the meantime, there is no reason for the parties to waste time, money or Court resources pursuing a claim that may potentially be moot. *See Nack*, 715 F.3d at 682 ("it is questionable whether the regulation at issue (thus interpreted) properly could have been promulgated.").  Furthermore, this case is in its infancy, as the pleadings are uncertain[6] and no discovery has been conducted, and there is nothing pending which cannot proceed after the stay is lifted.  Contrary to Plaintiff's position in the Proposed Scheduling Plan [Doc # 30] at 3, a stay in this case does not pose a risk of lost evidence or fading memories.  Defendants are already on notice of the litigation and have preservation obligations that exist regardless of whether the Court issues a stay.  Further, this case does not require Plaintiff to contest its own consent, or that of any other putative class members, to receive a particular fax.  Instead, Plaintiff's claim tests the sufficiency of the written opt-out notice, for which witness memories will contribute little, if anything.  As such, the first factor strongly favors a stay.

By contrast, absent a stay, Defendants will suffer significant hardship and prejudice. Defendants should not be placed in the untenable position that the Eighth Circuit sought to avoid in *Nack*.  Nack, 715 F.3d at 687.  Specifically, Defendants should not be forced to litigate a claim

---

[6] *See* Defendants' Joint Motion to Dismiss First Amended Complaint and Mem. in Support [Doc # 22 and 23].

based on a potentially invalid regulation, when there exists no means of challenging that regulation before this Court, particularly, where this case has been filed as a putative class action and has required, and will continue to require, considerable attention, litigation costs and attorneys' fees.  A stay ensures that the threshold question regarding the validity of 47 C.F.R. § 64.1200(a)(4)(iv) can be resolved, so that the case does not proceed on the merits, only to have any merits-based decisions upended by a subsequent administrative determination or related appeal.

Moreover, a stay in this case also respects the decision reached by this Court in *Forest Pharmaceuticals*, 2013 WL 3988671.  The *Forest Pharmaceuticals* case involves two of the same parties (Plaintiff St. Louis Heart Center, Inc. and Defendant The Peer Group) and includes an identical TCPA claim alleging an insufficient opt-out notice.  Denying a stay in this case would effectively undermine the stay *in Forest Pharmaceuticals* to the prejudice of the Defendants (and, in particular, The Peer Group) by allowing the same Plaintiff to take discovery on one of the same Defendants on an essentially identical claim.

The third factor, conservation of judicial resources, overwhelmingly favors a stay. Neither the Court nor the parties should continue to expend considerable resources when a pending administrative proceeding could resolve the entire case.  The decision in *Ricci v. Chicago Mercantile Exchange*, 409 U.S. 289 (1973), is directly on point.  Ricci sued the Mercantile Exchange, claiming violations of the Exchange rules, the Commodity Exchange Act, and the Sherman Act.  *Id.*  Subsequently, the Supreme Court affirmed the District Court's decision to stay the case pending administrative proceedings before the Commodity Exchange Commission ("CEC").  *Id.* at 291.

- 8 -

The Supreme Court held that because the CEC had "administrative authority to examine the Ricci-Exchange dispute . . . the antitrust action should be stayed until the administrative officials have had opportunity to act."  409 U.S. at 302.  As the Court recognized, resolving the central issue in that case, whether the transfer of Ricci's seat violated the Commodity Exchange Act, deserved an administrative determination:

> That issue in turn appears to pose issues of fact and questions about the scope, meaning, and significance of Exchange membership rules.  <u>These are matters that should be dealt with in the first instance by those especially familiar with the customs and practices of the industry and of the unique market-place involved in this case.</u>

*Id.* at 305 (emphasis added); *see also AMC Liquidating Trust v. Sprint Communications Co.*, 295 F. Supp. 2d 650, 651 (M.D. La. 2003) (granting a stay pending an FCC administrative proceeding because "whether the access charges by [claimant] are just and reasonable . . . is within the special competence of the FCC").

Like *Ricci*, a determination of the fundamental dispute of whether the TCPA even applies in this case  "should be dealt with in the first instance" by the appropriate agency, the FCC.  409 U.S. at 305.  In the meantime, a stay will conserve resources for all involved and allow a threshold legal issue to be determined by the pending administrative proceeding without prejudicing either party.[7]  In short, all three factors provide compelling support for a stay.

### B.      A Stay In This Case Comports With *Nack* and *Forest Pharmaceuticals*.

---

[7] A stay is also consistent with numerous federal court decisions which have issued stays in favor of other pending, and potentially determinative, proceedings.  *See, e.g., Shipley v. United States*, 608 F.2d 770, 775 (9th Cir. 1979) ("[W]here a pending administrative proceeding might render the relief sought in the district court unnecessary, it is proper for the district court to stay the case before it pending the outcome of the administrative proceeding. . . ."); *J.M. Martinac Shipbuilding Corp. v. Washington*, 2007 WL 445438, at *4 (W.D. Wash. 2007) (since "the final resolution of damages in the instant case will depend on the outcome of the administrative proceedings, the Court finds that a stay is warranted"); *McElroy v. Tracy Unified S.D.*, 2007 WL 1674000, at *1 (E.D. Ca. 2007) ("stay pending the outcome of an administrative proceeding that might render the relief sought in district court unnecessary is a proper exercise of the court's discretion"); *Hickey v. Baxter*, 1987 WL 39020, at *1 (4th Cir. 1987) ("district court acted within its discretion in staying proceedings while awaiting guidance from the Supreme Court").

As dictated by the Eighth Circuit in *Nack,* and in the interests of reaching consistent results among similar cases, a stay in this case is more than appropriate.  As discussed above, in *Nack*, the Eighth Circuit opined that the defendant could challenge the validity of the FCC's regulations directly with the FCC, and to allow sufficient time for this administrative review, the district court "may entertain any requests to stay proceedings for pursuit of administrative determination of the issues raised." *Nack*, 715 F.3d at 687.  Gilead's Petition concerns the same regulation at issue in *Nack*, and seeks an administrative determination on the merits as prescribed by the Eighth Circuit.  This case offers no basis to eschew the guidance of the immediate appellate court and reach a different conclusion.[8]

The fact that this Court has already issued a stay in the related case involving *Forest Pharmaceuticals* makes the issuance of a stay in this case all the more compelling.  The related case of *Forest Pharmaceuticals* involves similar allegations and two of the same parties, including the identical Plaintiff (St. Louis Heart Center, Inc.) and one of the same defendants (The Peer Group).  If this Court, after issuing a stay in *Forest Pharmaceuticals*, does not also issue a stay in this case, it would effectively eviscerate the prior stay by allowing the Plaintiff to proceed with discovery against The Peer Group on identical allegations of an insufficient opt-out notice.  For purposes of this Motion, there is absolutely nothing to distinguish this case from *Forest Pharmaceuticals*.  Accordingly, the end result should be the same.

## IV.    CONCLUSION

---

[8] Even without the benefit of the Eighth Circuit's directive in *Nack*, other district courts have stayed TCPA litigation.  *See Harris v. Am. Gen. Fin. Servs. LLC*, No. 2:10-cv-01662, 2010 U.S. Dist. LEXIS 127484 (D. Nev. Dec. 2, 2010) (granting defendant's motion to stay discovery pending resolution of its motion to dismiss plaintiff's TCPA complaint); *Kaye v. Merck & Co., Inc.*, 3:10cv1546RNC [Doc. # 72] (D. Conn. May 12, 2011) (ordering that "[d]iscovery will be stayed pending a ruling on the motion to dismiss" in a TCPA-facsimile case); *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, 2011 WL 4056318 (D. N.J. Sept. 12, 2011) (staying TCPA-facsimile case while dispositive issue was pending before higher court).

For all these reasons, Defendants respectfully submit that the Court should stay this action pending a final disposition on the merits of Gilead's Petition (including any appeals therefrom) as contemplated by the Eighth Circuit in *Nack* and consistent with the stay issued by this Court in the related case of *Forest Pharmaceuticals*.

Respectfully submitted,

THOMPSON COBURN LLP

By:/s/Christopher M. Hohn
    Christopher M. Hohn, # 44124
    One U.S. Bank Plaza, Suite 2600
    St. Louis, Missouri 63101
    (314) 552-6000 (telephone)
    (314) 552-7000 (facsimile)
    chohn@thompsoncoburn.com

*Attorneys for Defendant Gilead Palo Alto, Inc.*

    Jonathan K. Stock (OH 0065637)
    (jkstock@ocslawfirm.com)
    Organ Cole + Stock LLP
    1335 Dublin Road, Suite 104D
    Columbus, Ohio  43215
    Telephone: 614.481.0900
    Facsimile: 614.481.0904

    Scott A. Carlson (IL ARDC 6228975)
    (scarlson@seyfarth.com)
    SEYFARTH SHAW LLP
    131 South Dearborn Street, Suite 2400
    Chicago, Illinois 60603
    Telephone: (312) 460.5000
    Facsimile: (312) 460.7946

*Of Counsel for Defendant Gilead Palo Alto, Inc.*

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/ Dale M. Weppner (with consent)
    Dale M. Weppner (MO 41080)
    10 South Broadway, Suite 2000
    St. Louis, MO  63102
    Telephone: 314.241.9090
    Facsimile: 314.241.8624
    (dmw@greensfelder.com)

    Patrick T. Clendenen
    Nelson Mullins Riley & Scarborough LLP
    One Post Office Square
    30th Floor
    Boston, MA  02109
    Telephone: 617.573.4700
    Facsimile: 617.573.4710
    (patrick.clendened@nelsonmullins.com)
    (*Pro Hac Vice* to be filed)

*Counsel for Defendant The Peer Group, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the foregoing was filed electronically with the Clerk of the Court to be served via operation of the Court's electronic filing system this 16th day of August, 2013, to all counsel of record.


/s/ Christopher M. Hohn_____


- 13 -