# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| ST. LOUIS HEART CENTER, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | No. 4:13-CV-958-JAR |
| v. | ) ) ) | |
| GILEAD PALO ALTO, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Joint Motion to Stay. (Doc. No. 34) Plaintiff filed its response in opposition to the motion on September 6, 2013. (Doc. No. 40) Defendants filed a joint reply on September 23, 2013. (Doc. No. 41) Although untimely, the Court will consider Defendants' reply. The motion is, therefore, fully briefed and ready for disposition. After careful consideration, the Court will grant Defendants' motion.

Plaintiff filed a class action complaint alleging that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by faxing or having an agent fax advertisements without a proper opt-out notice as required by 47 C.F.R. § 1200 (Amended Complaint ("AC"), Doc. 20, ¶¶ 1, 17-20). Defendants request the action be stayed pending resolution of its Petition for Declaratory Ruling and/or Waiver, filed with the Federal Communications Commission ("FCC") on August 9, 2013 on behalf of Gilead Sciences, Inc. and Gilead Palo Alto, Inc. ("Petition," Doc. No. 35-1), seeking resolution of the threshold legal issue in this case, namely, the applicability of FCC regulation 47 C.F.R. § 64.1200(a)(3)(iv), which purports to govern solicited faxes and requires those faxes to contain an opt-out notice. (Mem. in

1

Supp., Doc. No. 35, p. 1)

In support of their Motion, Defendants direct the Court's attention to the decision in Nack v. Walburg, 715 F.3d 680, 682 (8th Cir. 2013), wherein the Eighth Circuit recognized that the Administrative Orders Review Act ("Hobbs Act"), 28 U.S.C. § 2342 et seq., precluded it from hearing challenges to the FCC regulation at issue and instructed that on remand, the district court "may entertain any requests to stay proceedings for pursuit of administrative determination of the issues raised." In addition, Defendants point to the stay issued by this Court in the related case of *St. Louis Heart Center, Inc. v. Forest Pharmaceuticals, Inc.*, Case No. 4:12-CV-2224-JCH, 2013 WL 3988671, at *1, (E.D. Mo. July 17, 2013). (Mem. in Supp., Doc. No. 35, pp. 4-6)[1]

Plaintiff opposes a stay on the grounds that the underlying issue has been conclusively determined against Defendants both by the FCC and federal courts. (Response, Doc. No. 40, pp. 4-7) Should the Court grant Defendants' motion and stay this action, Plaintiff argues it should be allowed to conduct some discovery to preserve relevant evidence and testimony. (Id., p. 11)

In reply, Defendants assert that Plaintiff's concerns over the loss of evidence are speculative and contravened by sworn statements already filed in the record noting that the information and database is being preserved. (Reply, Doc. No. 41, pp. 9-11) Further, a stay would ensure that the threshold question regarding the validity of 47 C.F.R. § 64.1200(a)(3)(iv) can be resolved before the parties spend further time and resources in litigation. (Id., p. 12)

In light of the Eighth Circuit's suggestion in Nack, and in the interests of reaching

---

[1] In their Joint Reply, Defendants point out that four courts, including this one, have already issued stays in other TCPA class actions where the defendant petitioned the FCC seeking a declaration on opt-out notice language. See St. Louis Heart Center, Inc. v. Forest Pharmaceuticals, Inc., 2013 WL 3988671 at *1 (E.D. Mo. July 17, 2013); Burik v. Staples Contract and Commercial, Inc., Case No. 1:12-cv-10806-NMG (Doc. No. 90) (D. Mass. Aug. 9, 2013); Nack v. Walburg, Case No. 4:10-cv-00478 (Doc. No. 61) (E.D. Mo. Sept. 12, 2013); and Medical West Ballas Pharmacy, Ltd. v. Richie Enterprises, L.L.C., Case No. 09SL-CC05410-01 (St. Louis Cnty. Sept. 11, 2013). But c.f. Whiteamire Clinic, P.A. v. Quill Corp., Case No. 12-CV-5490 (Doc. Nos. 87, 88) (N.D. Ill. Sept. 6, 2013). (Reply, Doc. No. 41, p. 4)

consistent results in similar TCPA cases, the Court will grant Defendants' motion to stay this case. The Court is not persuaded that Plaintiffs will be unduly prejudiced by such a stay.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion to Stay [34] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **STAYED** until final rulings are issued by the FCC on Defendant's Petition for Declaratory Ruling and/or Waiver, and on any appeals filed in connection with the ruling.

**IT IS FURTHER ORDERED** that every ninety (90) days, beginning **December 30, 2013**, Defendants shall advise the Court of the status of the proceedings before the FCC and any appeal filed in connection thereto.

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close this matter.

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 27th day of September, 2013.